## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY | CIVIL ACTION NO. 18-0429 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JIMMIE H. BROWN, JR., ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court is a motion to set aside the entry of default filed by Defendants Crystal Gail Duckworth, BriAnna J. May, J.L.P., the minor child of Crystal Gail Duckworth, and Bayou Macon Cemetery Association (hereinafter referred to as "the Duckworth Defendants").[1] See Record Document 57. For the following reasons, the Duckworth Defendants' motion is **GRANTED**.

Southern Farm Bureau Life Insurance Company ("Farm Bureau") is a stakeholder on a $100,000 universal life policy issued to Jimmy L. Duckworth ("Duckworth"), now deceased. See Record Document 1 at ¶ 1. Duckworth made a change of beneficiary five days prior to his death. See id. at ¶ 14. Many of the previous beneficiaries assert lack of intent by Duckworth and undue influence. See id. Thus, Farm Bureau filed a statutory interpleader to have all claimants make their claim before this Court with regard to the funds. See id.

Mr. Jimmie Brown, Jr. answered Farm Bureau's complaint in interpleader.[2] See

---

[1]Other defendants have been named in the interpleader but have not joined in the instant motion to set aside the entry of default. See Record Document 1.

[2]None of the remaining interpleader defendants filed an answer.

Record Document 11. Farm Bureau timely served all defendants and requested that the defendants waive service of summons. According to the Duckworth Defendants, they were confused by the request for waiver and asked for help from Farm Bureau's attorney, who informed them that he could not advise them. Crystal Duckworth signed the waivers for herself and her children (her adult child, BriAnna May, and her minor child, J.L.P.). See Record Document 13. However, she did not indicate that she was signing in any capacity for her children. As to the Bayou Macon Cemetery Association, service was waived by Ms. Mary Bain. However, there is no indication that Ms. Bain waived service on behalf of Bayou Macon Cemetery Association. See Record Document 13.

On August 17, 2018, Farm Bureau filed a "Request for Entry of Default" with the Clerk of Court against all of the defendants, except Jimmie Brown, Jr. See Record Documents 17-28. On that same day, the Clerk of Court issued a "Notice of Entry of Default" to each of these defendants, once again except for Jimmie Brown, Jr. See Record Documents 29-40. According to the Duckworth Defendants, they "were not aware of the gravity and nature of the waiver of summons, and upon receiving the Request for Entry," they contacted an attorney and attempted to file an answer to the complaint in interpleader on August 29, 2018, twelve days after the mailing of the notice of entry of default. Record Document 57 at 8. Their answer was stricken from the record because the document was filed on behalf of parties against whom default had been entered. See Record Documents 41-42. Thereafter, on September 5, 2018, Farm Bureau filed motions for default judgment against the defendants who had received the notices of entry of default. See Record Documents 48-56. On that same date, the Duckworth Defendants filed the instant motion

to set aside the entry of default.  See Record Document 57.[3]

The court may set aside an entry of default for good cause.  See Fed. R. Civ. P. 55(c).  Good cause, for purposes of Rule 55(c), "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely."  In re Dierschke, 975 F.2d 181, 183 (5th Cir. 1992).  In determining whether good cause exists to set aside an entry of default, the court considers three factors: "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented."  Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc., 346 F.3d 552, 563 (5th Cir. 2003) (citation omitted).  These factors are, however, nonexclusive, and the court should consider all relevant circumstances against the background principles that cases should be resolved on the merits.  See Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000) ("[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.") (quotations and citation omitted).  The Fifth Circuit has noted that motions to set aside entry of default are more commonly granted than motions to set aside default judgments.  See In re OCA, Inc., 551 F.3d 359, 370 (5th Cir. 2008).

An analysis of the three factors listed above leads to the conclusion that the motion to set aside should be granted.  In light of the facts regarding service and the confusion

---

[3]A judgment by default was entered against the remaining defendants who failed to answer and who have not moved to set aside the entry of default.  See Record Document 79.

regarding the request for a waiver of service, this Court does not find that the Duckworth Defendants intentionally defaulted or willfully failed to file an answer. Furthermore, allegations of a defense are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense. See <u>Pelican Renewables 2, LLC v. DirectSun Solar Energy & Tech., LLC</u>, 325 F.R.D. 570, 577 (E.D. La. 2016). The allegations of undue influence contained in the motion to set aside the entry of default are a sufficient presentation of a meritorious defense to support a finding of good cause to set aside the entry of default. Finally, the consequence of granting the motion would be to require the parties to prove their case. See <u>Buckley v. Donohue Indus. Inc.</u>, 100 F. App'x 275, 278 (5th Cir. 2004). "[M]ere delay does not alone constitute prejudice. Rather, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." <u>Lacy</u>, 227 F.3d at 293 (quotations and citation omitted). Thus, this Court finds no prejudice in setting aside the entry of default. Accordingly,

**IT IS ORDERED** that the motion to set aside the entry of default filed by the Duckworth Defendants (Record Document 57) is **GRANTED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 20th day of February, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT