# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY | CIVIL ACTION NO. 18-0429 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JIMMIE H. BROWN, JR., ET AL. | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the Court are a motion for permanent injunction, two motions to dismiss and for attorney's fees, and four motions for default judgment, all filed by the plaintiff in interpleader, Southern Farm Bureau Life Insurance Company ("Farm Bureau"). See Record Documents 2, 4, 48-50, 56 and 66. For the following reasons, the motion for permanent injunction and the motions to dismiss and for attorney's fees are **DEFERRED** and the motions for default judgment are **MOOT.**

## BACKGROUND

Southern Farm Bureau Life Insurance Company ("Farm Bureau") is a stakeholder on a $100,000 universal life policy issued to Jimmy L. Duckworth ("Duckworth"), now deceased. See Record Document 1 at ¶ 1. Duckworth made a change of beneficiary five days prior to his death. See id. at ¶ 14. Many of the previous beneficiaries assert lack of intent by Duckworth and undue influence. See id. Thus, Farm Bureau filed a statutory interpleader to have all claimants make their claim before this Court with regard to the funds. See id.

Mr. Jimmie Brown, Jr. answered Farm Bureau's complaint in interpleader.[1] See

---

[1] None of the remaining interpleader defendants filed an answer.

Record Document 11. Farm Bureau timely served all defendants and requested that the defendants waive service of summons. Waivers were filed and on August 17, 2018, Farm Bureau filed a "Request for Entry of Default" with the Clerk of Court against all of the defendants, except Jimmie Brown, Jr. See Record Documents 17-28. On that same day, the Clerk of Court issued a "Notice of Entry of Default" to each of these defendants, once again except for Jimmie Brown, Jr. See Record Documents 29-40. Thereafter, on September 5, 2018, Farm Bureau filed motions for default judgment against all of the defendants who had received the notices of entry of default. See Record Documents 48-56. On that same date, four of those defendants filed a motion to set aside the entry of default,[2] which was granted by this Court on February 20, 2019. See Record Documents 57 and 84.[3]

## LAW AND ANALYSIS

**A.  Farm Bureau's Motion For Permanent Injunction and Motions to Dismiss and for Attorney's Fees.**

Farm Bureau initiated this interpleader proceeding pursuant to 28 U.S.C. § 1335 and then filed two motions to dismiss (and for attorney's fees) and a request for a permanent

---

[2]According to these four defendants, they "were not aware of the gravity and nature of the waiver of summons, and upon receiving the Request for Entry," they contacted an attorney and attempted to file an answer to the complaint in interpleader on August 29, 2018, twelve days after the mailing of the notice of entry of default. Record Document 57 at 8. Their answer was stricken from the record because the document was filed on behalf of parties against whom default had been entered. See Record Documents 41-42.

[3]A judgment by default was entered against the remaining defendants who failed to answer and who have not moved to set aside the entry of default. See Record Document 79.

injunction,[4] alleging that it has no interest in the policy proceeds, is a mere stakeholder, and is uncertain as to the proper beneficiaries of the policy proceeds. See Record Documents 4 and 66. Farm Bureau deposited into the registry of the court the sum of $100,000.00. In its motions to dismiss, Farm Bureau seeks to have the claimants' rights to the proceeds determined by the court, to have the claimants barred from seeking recovery under the subject insurance policy from Farm Bureau other than as determined in this lawsuit, to recover costs and fees in the amount of $5,000.00 and to be dismissed from this lawsuit with prejudice.

"An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." Rhoades v. Casey, 196 F.3d 592, 600 (5th Cir. 1999) (citation omitted). "If the district court finds that the interpleader action has been properly brought the district court will then make a determination of the respective rights of the claimants." Id. (citation omitted). In order to receive a discharge under statutory interpleader, the stakeholder must satisfy the jurisdictional requirements of 28 U.S.C. § 1335. Section 1335 requires diversity of citizenship between two or more of the adverse claimants and that the amount in controversy be $500 or more.

This action is a statutory interpleader filed pursuant to 28 U.S.C. § 1335, as there

---

[4] Farm Bureau initially filed a "Motion for Restraining Order and Injunction," which was granted by this Court on April 3, 2018, to the extent that the Court entered a temporary restraining order. See Record Documents 2 and 8. The Court also determined that "[t]he request for a preliminary and permanent injunction will be addressed once all claimants have answered or been defaulted." Record Document 8.

is minimal diversity among the claimants and the claim exceeds $500. The proceeds that have been deposited comprise a single fund and, when this suit was filed, the claimants genuinely disputed their respective claims to that fund. Accordingly, interpleader is the proper vehicle for determining to whom the proceeds of the decedent's life insurance policy should be distributed. The proceeds of Farm Bureau's insurance policy have already been deposited into the registry of the court and those proceeds are available for distribution. Farm Bureau requested that it be recognized as a stakeholder with no interest in the proceeds of the policy and also requested that it be dismissed from the suit. No claimant opposed those requests. The only opposition to Farm Bureau's motion to dismiss was filed by Mr. Jimmie Brown, Jr., who did not oppose Farm Bureau's request for dismissal but did oppose Farm Bureau's request for an award of attorney's fees and costs, stating that "any recovery of attorney's fees and costs by Southern Farm Bureau Life Insurance Company should be limited by this Court, and reasonable in amount, so as not to deplete the interpleader funds at issue at the expense of the party or parties who are ultimately determined to be entitled to those funds." Record Document 12 at 2.

Farm Bureau's request for dismissal from the suit and for a permanent injunction is well-founded and should eventually be ordered. However, Farm Bureau's request for attorney's fees and expenses should not be granted at this time. The district court has the authority to and may, in its sound discretion, award reasonable costs, including attorney's fees, to a disinterested stakeholder that is not in substantial controversy with one of the claimants, whenever it is fair and equitable to do so. See Rhoades, 196 F.3d at 603, citing Corrigan Dispatch Co. v. Casa Guzman, S.A., 696 F.2d 359, 364 (5th Cir. 1983). The award must be reasonable. See id. Five factors are usually considered in making such

an award: (1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefitted the interpleader-plaintiff; and (5) whether the claimants improperly protracted the proceedings. See Royal Indem. Co. v. Bates, 307 F. App'x 801, 806 (5th Cir. 2009) (citation omitted).[5] Because all that is required in a typical interpleader action is the "preparation of a petition, the deposit in court or posting of a bond, service on the claimants, and the preparation of an order discharging the stakeholder," the amount of the attorney's fee award is usually moderate. Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1719 (3d ed. 2001).

Based on the record before the Court, additional information is needed in order to be able to determine whether the award requested by Farm Bureau is reasonable. Although an affidavit by the plaintiff's attorney was submitted, the affidavit requests an award in the amount of $5,000.00 without explaining how much of the requested amount is attributable to fees, how much is attributable to expenses or how many hours the attorney worked on the file. See Record Document 66. Without knowing how many hours were billed, it is impossible for this Court to determine whether the amount of attorney's fees sought to be recovered is reasonable. Similarly, without a detailed explanation of the expenses incurred, this Court is unable to determine whether the claimed expenses are

---

[5]Courts in this circuit have also applied the lodestar method to determine whether requested attorney's fees are reasonable and equitable in interpleaders. See Transamerica Annuity Serv. Corp. v. Symetra Life Ins. Co., No. 16-1426, 2017 WL 3442464 (S.D. Tex. Aug. 9, 2017); Metro. Life Ins. Co. v. Linnear, No. 14-0047, 2014 WL 4678713 (W.D. La. Sept. 18, 2014).

reasonable. Further documentation should be submitted by Farm Bureau's counsel in accordance with the order that will issue in conjunction with this ruling. Therefore, ruling on Farm Bureau's motions to dismiss and for a permanent injunction will be **DEFERRED** pending resolution of the fees and expenses issue.

**B.    Farm Bureau's Motions for Default Judgment.**

On February 20, 2019, this Court granted a motion to set aside the entry of default filed by Bayou Macon Cemetery Association, Crystal Gail Duckworth, BriAnna J. May and J.L.P., the minor child of Crystal Gail Duckworth. See Record Documents 57 and 84. Accordingly, the motions for default judgment filed by Farm Bureau as to these defendants are now **MOOT**. See Record Documents 48-50 and 56.

**CONCLUSION**

Based on the foregoing, the Motions to Dismiss and for Attorney's Fees and Motion for a Permanent Injunction (Record Documents 2, 4 and 66) are **DEFERRED** and the Motions for Default Judgment (Record Documents 48-50 and 56) are **MOOT**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of February, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT